IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY HARRIS | )<br>)<br>) |
| Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| FULLETT ROSENLUND<br>ANDERSON, P.C.; CRESTLINE ARMS<br>CONDOMINIUM ASSOCIATION, | )<br>)<br>)<br>) |
| Defendants | )<br>) |

## COMPLAINT

NOW COMES Beverly Harris, Plaintiff, and for her Complaint against Fullett Rosenlund Anderson, P.C., and Crestline Arms Condominium Association, states as follows:

### INTRODUCTION

Harris brings this complaint for unlawful debt collection practices and breach of fiduciary duty against her condominium association and their attorneys.

### JURISDICTION

This court has jurisdiction over this matter, pursuant to the federal question statute, 28 U.S.C. § 1331. This court has jurisdiction over any pendant state law claims, pursuant to 28 U.S.C. § 1637.

### VENUE

Venue is appropriate, because all acts complained of took place in the Northern District of Illinois.

## PARTIES

Beverly Harris is an individual who owns a unit in Defendant Crestline Condominium Association's development, located in Oak Lawn, Illinois.

Fullett Rosenlund Anderson, P.C. is a law firm located at 430-440 Telser Rd. Lake Zurich, Illinois 60047 ("Fullett"). Fullett represented Harris' condominium association in collecting condominium assessments. Fullett is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in that it regularly collects consumer debts.

Crestline Arms Condominium Association is a unit owners' association organized pursuant to the Illinois Condominium Property Act, 765 ILCS 605/18.3, and its own declaration and by-laws ("Crestline").

## FACTS COMMON TO ALL COUNTS

1. Beverly Harris' condominium unit is located at 9725 S. Keeler Unit #207 Oak Lawn, IL 60453.

2. On or about August of 2010, Ms. Harris lost her job and fell behind on her condominium assessments.

3. On October 20, 2010, Crestline sent a notice of intention to create a lien to Ms. Harris. See *Notice of Intention to Create a Lien*, attached hereto as Exhibit A.

4. On January 13, 2011, Defendant Fullett filed a Joint Action Complaint in the Circuit Court of Cook County, Third Municipal District, located in Rolling Meadows, Illinois. See Complaint in *Crestline Arms Condominium Association v. Beverly Harris, et al.* 11 M3 0129, attached hereto as Exhibit B.

5. Ms. Harris has health problems and is unable to drive for long distances.

6. Ms. Harris appeared before Judge Sandra Tristano on or about February 15, 2011.

7. Ms. Harris explained to Judge Tristano that coming to Rolling Meadows was a hardship for her.

8. At that time, Judge Tristano ordered that the case be transferred to the First Municipal District. The order noted, "Property is located in Oak Lawn and matter can be heard at First Municipal District or Fifth Municipal District." See *February 15, 2011 Transfer Order*, attached hereto as Exhibit C.

9. On March 8, 2011, presiding Judge E. Kenneth Wright, Jr. transferred the case to Room 1404 of the Daley Center in downtown Chicago. See *March 8, 2011 Transfer Order*, attached hereto as Exhibit D.

10. On April 25, 2011, Judge Thomas More Donnelly entered Judgment and Order for Possession against Ms. Harris in the amount of $5,018.92. See *Judgment Order of April 25, 2011,* attached hereto as Exhibit E.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

11. Plaintiff incorporates paragraphs 1-10 as if fully stated herein.

12. This Count lies against Fullett Rosenlund Anderson, P.C.

13. Fullett is a debt collector, as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, because it regularly collects debts that were incurred for, "personal, family, or household purposes," including, *inter alia*, outstanding condominium assessments.

14. The Act, at section 1692e, states, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt; or

3

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15. Therefore, section 1692e contains a broad prohibition against false, or misleading, representations, such as Fullett's misrepresentation to the Circuit Court and to Ms. Harris, as implicit in its pleadings, that Ms. Harris was joined in good faith as properly amenable to suit in the Third Municipal District.

16. Additionally, filing its lawsuit in the Third Municipal District constitutes a false or misleading *means* of collecting the debt, as that term is used in section 1692e.

17. Separately, section 1692e(2)(A) prohibits Fullett from misrepresenting the character and legal status of Ms. Harris' debt; the filing violates 1692e(2)(A) because it implies that the transaction, or some part thereof, occurred in the Third Municipal District or that the Third Municipal District was the district in which the property was located, which is false.

18. Additionally, section 1692e(2)(B) prohibits Fullett from misrepresenting the compensation which it may lawfully receive, i.e. attorney's fees for dragging Ms. Harris out to the Rolling Meadows courthouse; this is evident due to the fact that Judge Donnelly struck, *inter alia*, Fullett's $200 court appearance fees for its February 15, 2011 appearance at the Third Municipal District. See *Affidavit in Support of Attorney's Fees and Costs April 25, 2011*, attached hereto as Exhibit F. Compare Fullett's prayed-for fees of $2619.50 with court-awarded fees of $2136.50, as reflected in the April 25, 2011 Judgment (Exhibit E).

19. The Act, at section 1692i, states:

(a) **Venue**

Any debt collector who brings any legal action on a debt against any consumer shall—

> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.

19. In this case, it is apparent that Lake Zurich-based Fullett simply ignored every principle of proper venue for its own convenience. This inured to the benefit of Fullett and to the detriment of unit owners like Ms. Harris.

20. In fact, a quick search of the Clerk of the Circuit Court's Electronic Docket reveals that Defendants Crestline and Fullett have filed 10 Joint Action Complaints against Crestline unit owners; each Complaint has been filed at the Rolling Meadows in the Third Municipal District.

21. Therefore, Fullett engaged in a purposeful pattern and practice of ignoring principles of proper venue in its debt collection efforts with Crestline.

22. The General Orders of the Circuit Court of Cook County, Illinois state at 2.3(d):

    Place of Filing – Civil Proceedings

    Civil Actions in the Municipal Department are filed in:

    (1) The district of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against the defendant and not solely for the purpose of permitting a filing in that district, or;

    (2) The district in which the transaction or some part thereof occurred out of which the cause of action arose. Actions of attachment, distress for rent, forcible entry and detainer, and for the recovery of property may be filed in the district where the property is located.

23. Therefore, Fullett, in filing suit at the Third Municipal District (as the term "district" is used in the General Order), violated FDCPA section 1692i's requirement that a debt collector, "bring such action only in a judicial <u>district</u> or similar legal entity in which such real property is located."

5

24. General Order No. 1.3(b) & (c) states:

    **(b) Filing or Trial in Wrong Branch.**

    No action shall be dismissed and no judgment order or decree shall be vacated, set aside or invalidated because the action was filed, tried or adjudicated in the wrong department, division or district.

    **(c) Transfer of Actions Improperly Filed.**

    Any action assigned to a judge that is determined by that judge, whether by suggestion of the parties or otherwise, to have been filed or to be pending in the wrong department, division, district or section of the Circuit Court of Cook County, shall be transferred to the Presiding Judge of the division or district in which it is pending for the purpose of transferring the action to the Presiding Judge of the proper division or district, or for reassignment to the proper section.

25. Therefore, the General Orders of the Circuit Court of Cook County make it plain that Fullett and the Association "improperly filed" their Joint Action Complaint in the "wrong department, division or <u>district</u>."

26. The General Order also makes it plain at 1.3(b) that Ms. Harris' sole state court remedy was transfer of the case.

27. Ms. Harris does not seek to vacate, set aside or invalidate the Judgment and Order of Possession dated April 25, 2011; rather, she seeks to vindicate her federal right under the FDCPA as against Fullett.

28. So, Fullett is therefore liable to Ms. Harris for actual damages in an amount to proven at trial, attorney's fees and costs, statutory damages pursuant to 15 U.S.C. § 1692k, and all other relief that this court finds just.

## COUNT II – BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE FRAUD

29. Plaintiff incorporates paragraphs 1-28 as if fully stated herein.

30. This count lies against Crestline Arms Condominium Association.

31. A "fiduciary" acts for the benefit of another person and, as a result, has a special relationship of trust, confidence, and responsibility when performing those duties.

6

32. Under Illinois law, in order to establish a breach of fiduciary duty, it must be demonstrated that:

    (1) a fiduciary duty exists;
    (2) the fiduciary duty was breached;
    (3) the breach proximately caused an injury to the plaintiff.
    *Martin v. Heinold Commodities, Inc*., 163 Ill. 2d 33 (1994).

33. Under the Illinois Condominium Property Act ("ICPA"), 765 ILCS 605/1, *et seq.*, condominium association board members owe a fiduciary duty to unit owners. Section 18.4 of the ICPA provides:

    In the performance of their duties, the officers and members of the board, whether appointed by the developer or elected by the unit owners, shall exercise the care required of a <u>fiduciary</u> of the unit owners. (<u>Emphasis supplied</u>).

34. Further, Article Seven of Defendant Crestline's by-laws states, in part, "The Board shall have and exercise all the powers, duties, and authority vested in the Association by law..." See *By-Laws of Crestline Arms Condominium Association* at 5, attached hereto as Exhibit G.

35. Therefore, a fiduciary duty exists between Crestline, as condominium association, and Ms. Harris, as unit owner.

36. Crestline breached its fiduciary duty by filing its lawsuit against Ms. Harris in the Third Municipal District.

37. Ms. Harris was injured by being compelled to travel to the Rolling Meadows courthouse or risk default judgment being entered against her when Defendants filed suit in the improper venue in violation of court rules, as evidenced by Judge Tristano's Transfer Order (Exhibit C).

38. In a fiduciary relationship, where there is a breach of a legal or equitable duty, a presumption of fraud arises when the superior party obtains a possible benefit. *Illinois Jurisprudence, Personal Injury and Torts* § 13:02. A cause of action for constructive fraud requires neither actual dishonesty, nor intent to deceive. *Cessna v. City of Danville*, 296 Ill.App.3d 156, 168 (4th Dist. 1998);

39. Crestline received a benefit by filing its suit against Ms. Harris in the Third Municipal District, because it became easier for Crestline's attorneys to prosecute the lawsuit and harder for Ms. Harris to defend the lawsuit.

40. Therefore, Crestline is liable to Harris for compensatory damages; punitive damages; and any relief this Court deems just.

THEREFORE, Plaintiff Beverly Harris prays this Court for all available relief against Defendants Fullett Rosenlund Anderson, P.C., and Crestline Arms Condominium Association.

Respectfully submitted,

BEVERLY HARRIS

By and through her attorneys,

/s/ Christopher Kruger
THE LAW OFFICES OF CHRISTOPHER KRUGER
2022 Dodge Avenue
Evanston, IL 60201-3434
Phone 847 420 1763
Fax 847 733 0135
ARDC No. 6281923

Case: 1:11-cv-03394 Document #: 1 Filed: 05/19/11 Page 9 of 9 PageID #:9